UNITED STATES DISTRICT COURT                    Index No. 2016 CV 2449
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
MCHARLAND COTIERE                                           AMENDED
                                                           VERIFIED
                                    Plaintiff,             COMPLAINT

                      -against-


THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT and THE NEW YORK CITY
DEPARTMENT OF CORRECTIONS,

                              Defendants.
-------------------------------------------------------------------x

## INTRODUCTORY STATEMENT

1.      This is an action for damages sustained by plaintiff MCHARLAND COTIERE,

(hereinafter referred to as MCHARLAND, claimant and/or plaintiff) and against the

CITY of NEW YORK (hereinafter referred to as the CITY and/or defendant), the NEW

YORK CITY POLICE DEPARTMENT, (hereinafter referred to as NYPD and/or

defendant), and the NEW YORK CITY DEPARTMENT OF CORRECTIONS

(hereinafter referred to as CORRECTIONS or DEPT. OF CORRECTIONS, or

defendant), who through its employees, agents and/or assigns unlawfully assaulted,

utilized excessive force, prosecuted and harassed plaintiff MCHARLAND COTIERE for

personal injuries suffered and arising from the unlawful acts of the defendants NYPD

POLICE OFFICERS, and against the CITY, as the supervisory body responsible for the

conduct of the NYPD and its police officers and supervisors and/or the NEW YORK

CITY DEPARTMENT OF CORRECTIONS and/or its correction officers and

supervisors, the defendants and for its failure to take corrective action with respect to

police and/or CORRECTIONS personnel, for said defendants' failure to act, knowing the

vicious propensities were notorious, to assure proper training and supervision of the

personnel, or to implement meaningful procedures to discourage lawless official conduct, same which is/are sued as a "person" under Title 42 USC 1983; and the actions of the CITY, NYPD, HON. RICHARD A. BROWN (hereinafter referred to as HON. RICHARD BROWN, BROWN) and the offices of the DISTRICT ATTORNEY OF QUEENS COUNTY (hereinafter referred to as DISTRICT ATTORNEY QUEENS COUNTY, DA QUEENS COUNTY, DA'S OFFICE QUEENS COUNTY), and/or in continuing to prosecute/ a criminal case against MCHARLAND COTIERE, amounting to malicious prosecution; in failure to prosecute and/or investigate a case against the said defendant NYPD and/or its police officers, who wrongfully continued to maliciously prosecute the plaintiff COTIERE and/or the NYPD and HON. RICHARD BROWN, QUEENS COUNTY DISTRICT ATTORNEY'S OFFICE for their failure to investigate, locate and prosecute the actual perpetrators, culprits of the crimes the plaintiff was wrongfully charged with and/or defendants' failure to remedy the severe penalties/ conditions promulgated against plaintiff including the assaults upon his person when illegally detained,  the said detention and false imprisonment of MCHARLAND COTIERE even though there was evidence that the malicious criminal prosecution of him was faulty based on perjured testimony of the alleged victim and/or defendants blatant failure to investigate or prosecute and/or arrest the real perpetrators; including but not limited to the fact that the CITY by the NYPD and/or HON. RICHARD A. BROWN, and/or the offices of the DISTRICT ATTORNEY OF QUEENS COUNTY, did nothing meaningful to investigate the complaints of the plaintiff herein including to refer plaintiff/claimant to a proper investigative authority particularly in regard to the continued malicious prosecution of the plaintiff after it was revealed that the Peoples' star

witness had perjured himself and was involved in jury tampering which resulted in physical injuries, mental and emotional distress to plaintiff due to the continued false imprisonment. Plaintiff seeks recovery for physical injuries and emotional distress and for his aforesaid damages, arising out of but not limited to his continued detention and false imprisonment of approximately 15 months from the time of the false personal testimony of Joshua Arrington, the so called victim/star witness of the DA on or about 3/5/14 and/or at least through plaintiff's acquittal on 6/4/15, attorney's fees, court costs and the like. Defendant CITY by the acts of the NYPD, HON. RICHARD A. BROWN and/or the offices of the DISTRICT ATTORNEY OF QUEENS COUNTY, in their negligence in maliciously prosecuting the plaintiff MCHARLAND COTIERE are named for the malicious prosecution of the plaintiff and its/their negligence in maliciously prosecuting the defendant MCHARLAND COTIERE, and negligent failure to monitor their respective staffs, employees and others including assistant district attorneys employed by said defendant.

2.     Specifically, the DISTRICT ATTORNEY'S OFFICE OF QUEENS COUNTY and the NYPD continued to negligently/maliciously prosecute the claimant after it was ascertained that after a first jury trial from 3/5 – 3/13/14 of the plaintiff, who was convicted at that time, that one of the jurors was a good friend of the complaining witness; that witness Joshua Arrington , who falsely alleged that the plaintiff shot him in the leg, but in actuality it was one of the complaining witnesses' friends who actually shot the complaining witness in the leg, when the complaining witness and his friends were in the process of "mugging" the plaintiff and robbing him and attempting to take his money and other valuables. That "tainted" juror was on information and belief influenced

by the complaining witness to reach a guilty verdict against the plaintiff and/or influenced or tried to influence other jurors to reach a guilty verdict; and on motion, the trial court set aside and reversed the guilty verdict of the initial jury trial and the conviction was set aside and a new trial ordered. THE DISTRICT ATTORNEY'S OFFICE OF QUEENS COUNTY, by HON. RICHARD A. BROWN and the NYPD negligently maliciously continued to prosecute the plaintiff and maliciously and negligently brought him to trial again even though the credibility of the complaining witness had to be an issue since the complaining witness never revealed his "connection"/"friendship" to the said tainted juror on the first trial, nor did he recant his perjured sworn testimony that he did not know plaintiff before the alleged assault upon him by plaintiff  even though they went to the same school for several years a fact he later admitted to DA's office when they investigated! On information and belief the presiding judge at the first trial directed all potential jurors to indicate to the court if they knew any of the parties- this is New York State standard voir dire by New York State judges on all jury trials. On information and belief the Assistant District Attorney trying the initial case became aware of the fact that the complaining witness knew one of the jurors and/or that the complaining witness deliberately failed to inform the court or the DISTRICT ATTORNEY'S OFFICE that he knew a juror on the panel and/or knew plaintiff, who went to the same school. The actions and inaction of the NYPD and DISTRICT ATTORNEY'S OFFICE OF QUEENS COUNTY by HON. RICHARD A. BROWN in continuing to maliciously prosecute the plaintiff and force plaintiff to have to endure a second jury trial, the expense of having to engage defense counsel in the first and second trials and the fact that plaintiff continued to be incarcerated on the insistence

of the District Attorney and the NYPD causing him to remain in jail for additional 15 months after the District Attorney and police knew their complaining witness was not credible, resulted in additional false imprisonment time and mental and emotional anguish and distress subjecting the plaintiff to additional unconscionable instances of cruel and inhuman treatment.

3.      The defendant CITY is also named for the intolerable conditions for which MCHARLAND COTIERE had to endure at the hands of the New York City Dept. of Corrections, hereinafter referred to as CORRECTIONS, since plaintiff was held in their Corrections facilities under their auspices pursuant to the aforementioned false imprisonment for more than 15 months after the perjured testimony, during which time he suffered numerous instances where "excessive force" was utilized against his person and he was physically injured and/or suffered mental and emotional distress and trauma physical and mental, cruel and inhuman treatment.

4.      Through defendants' negligence and/or their negligent failure to act and/or as to the NYPD and HON. RICHARD BROWN and DISTRICT ATTORNEY'S OFFICE OF QUEENS COUNTY to take reasonable and prudent steps required since on or about the filing of a post trial motion by plaintiff defense counsel and/or after an article(s) in the NY Post that revealed the perjured testimony and jury tampering on 4/3/12 and/or after the facts were made known in March 2014 or thereafter about the "tainted" juror and/or false perjured testimony, e.g. that the complainant did not know plaintiff before the alleged assault and the decision of a judge making a fact finding that there was perjured testimony and jury tampering requiring a new trial, and said defendants' continued malicious prosecution of plaintiff, including the prosecution(s) of the plaintiff in a second

jury trial, with the defendants' knowledge that their complaining witness' credibility was definitely tainted, by failing to disclose his close relationship to a juror and his perjured testimony, was an issue, the continuous demand for high bail and/or remand during this time period was negligent and malicious as was their failure to charge their star witness with the crimes of jury tampering and/or perjury.

<div align="center">JURISDICTION</div>

5.      This action arises under Sections 1981, 1983, 1985 and 1988 of Title 42 of the United States Code, and the First, Fourth, Sixth and Eighth Amendments of the Constitution of the United States, and under the Constitution of the State of New York and the laws of the State of New York and the case law arising thereunder in similar 1983 matters and the like.

<div align="center">PARTIES</div>

6.      At all times relevant to the allegations of this complaint, plaintiff MCHARLAND COTIERE is an individual residing at 104-13 191st Street, Saint Albans, NY 11412.

7.      That at all times hereinafter mentioned, the defendants THE CITY OF NEW YORK (CITY) and/or its subdivisions, agency(s) or departments- the NEW YORK CITY POLICE DEPARTMENT (hereinafter referred to as NYPD), the NEW YORK CITY DEPARTMENT OF CORRECTIONS (hereinafter referred to as CORRECTIONS, DEPT. OF CORRECTIONS and/or defendant) was is/are and still is/are a domestic and public benefit corporations, organized and existing under and by virtue of the laws of the State of New York; and/or the CITY is chartered by the State of New York. That the CITY has authorized the Corporation Counsel to accept service at their offices for the CITY and for its said subdivisions, agencies and departments; including NYPD and

CORRECTIONS or any other City agency or entity that is liable and/or named in this case, and/or their employees.

8.     That defendant CORRECTIONS is on information and belief owned, operated and/or subject to directives of the defendant CITY as are its supervisors, employees, Commissioner of CORRECTIONS, corrections officers, and the like.

9.     At all times relevant, defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS, with offices located at 75-20 Astoria Blvd., East Elmhurst, NY 11370 is a municipal corporation(s) duly formed under the laws of New York State, and/or an agency, subdivision, department, of the defendant CITY OF NEW YORK, duly formed pursuant to law and/or is a domestic and public benefit corporation organized or existing under and by virtue of the laws of the State of New York and was the employer and supervisor of defendant CORRECTIONS supervisory staff and/or Commissioner and/or CORRECTIONS officers and staff.  As such, it (CORRECTIONS, CITY) was/were responsible for training, supervision and conduct by defendants CORRECTIONS officers and the like.  It was also responsible, under law, for enforcing the regulations of CORRECTIONS and for ensuring that City of New York, CORRECTIONS, and/or supervisory staff, and personnel, as well as CORRECTIONS officers in the employ of CORRECTIONS obey the laws of the City and State of New York and of the United States and prosecute, abide by and/or enforce said laws. All investigations and prosecutions for allegations of criminal actions with or without civil liability that have taken place on Rikers Island are conducted by the District Attorney of Bronx County and Bronx County, which is in the Southern District of New York, are deemed to have

jurisdiction of presentment of same. Plaintiff hereby alleges acts of corrections officers while incarcerated were tantamount to cruel and inhuman treatment

10.      That at all times hereinafter mentioned, the defendants, CITY, N.Y.P.D., and NYC DEPT. OF CORRECTIONS was is/are and still is/are a domestic and public benefit corporations, organized and existing under and by virtue of the laws of the State of New York.

11.      That NYPD and CORRECTIONS is/are on information and belief owned, operated and/or subject to directives of the defendant CITY as are their supervisors, employees, police officers, corrections officers, and the like.

12.      At all times relevant, defendant NYPD is a municipal corporation(s) duly formed under the laws of New York State, and/or an agency, subdivision, department, of the defendant CITY OF NEW YORK duly formed pursuant to law and/or is a domestic and public benefit corporation organized or existing under and by virtue of the laws of the State of New York and was the employer and supervisor of defendant NYPD supervisory staff and/or detectives and/or police officers and staff.  As such, NYPD/ CITY was/were responsible for training, supervision and conduct by defendants' officers and employees. It was also responsible, under law, for enforcing the regulations of the NYPD and/or New York City Police Department and for ensuring that City of New York, NYPD, and/or supervisory staff, and personnel, as well as police officers in the employ of the NYPD obey the laws of the State of New York and of the United States and prosecute and enforce said laws.

13.      HON. RICHARD A. BROWN (hereinafter referred to as BROWN) is the duly elected DISTRICT ATTORNEY OF QUEENS COUNTY who maintains and is

responsible for the operation of the offices of the DISTRICT ATTORNEY OF QUEENS COUNTY at 125-01 Queens Boulevard, Kew Gardens, NY 11415, County of Queens, City and State of New York and is charged with the responsibility of prosecuting all New York State Law criminal matters in the County of Queens, State of New York including but not limited to prosecutions, presentments and proceedings before the Queens County Grand Jury criminal proceedings in the Criminal Court and Supreme Court Criminal matters in  Queens County. In addition thereto BROWN is charged with the responsibility of supervising the Assistant District Attorneys of Queens County and all staff members including investigators, the coordination of criminal prosecution presentments to the Grand Jury with the NYPD and/or other law enforcement agencies and the like and in protecting the rights of citizens of the County of Queens and of the City and State of New York. The DISTRICT ATTORNEY'S OFFICE OF QUEENS COUNTY located at 125-01 Queens Boulevard, Kew Gardens, NY 11415 is a law enforcement entity duly constituted by the State of New York to prosecute/litigate criminal matters in Queens County in the Criminal Court and Supreme Court to conduct Grand Jury proceedings and the like are located in the EDNY. The CITY has defended cases of negligence and/or malicious prosecution brought against the said HON. RICHARD BROWN and the DISTRICT ATTORNEY'S OFFICE OF QUEENS COUNTY and is negligent or supporting an condoning policies and directives of the said DA and his offices that violate plaintiff and other citizens' Constitutional rights.

14.     That at all times relevant to this complaint, or from on or about 4/3/12, the date of plaintiff's initial arrest and thereafter, said defendants maintained and controlled in furtherance of its/their business by the said defendants, CITY and N.Y.P.D. and

CORRECTIONS in the Borough of Queens, City and State of New York; and was/were responsible for operating/controlling: jails, courts, police, police precincts, and/or their personnel, employees, police and corrections officers.

15.     At all times relevant, defendant NYPD employees, supervisory personnel and the like, and/or other NYPD police officers, detectives, supervisors and/or personnel at the precinct in question in Queens, including but not limited to supervisors, the officers, and/or staff, whose identities are presently unknown to plaintiff and/or are on information and belief were NYPD personnel, staff, detectives and/or officers employed by the NYPD and/or by New York City Police Department, to perform duties in the CITY OF NEW YORK and elsewhere. At all times relevant, defendants above-named were acting in the capacity of agents, servants and employees of defendant CITY OF NEW YORK and whose individual actions were done/occurred in their official capacity.

16.     That NYPD and/or CORRECTIONS is/are on information and belief owned, operated and/or subject to directives of the defendant CITY. The HON. RICHARD A. BROWN is the District Attorney for Queens County and is responsible for the administration and running of the DISTRICT ATTORNEY'S OFFICE OF QUEENS COUNTY and the proper administration of Criminal Justice in Queens County including but not limited to the lawful, proper, just and honest prosecution of Criminal cases in the Criminal and Supreme Court and before the Grand Jury of Queens County including but not limited to the proper supervision of all Assistant District Attorneys and all of his staff including criminal investigators and the proper coordination of the criminal prosecutions with the NYPD and other law enforcement, entities and their personnel.

FACTUAL ALLEGATIONS

17.     The District Attorney's office and/or the NYPD based on faulty investigation and
failure to do due diligence began to pursue and then arrest the plaintiff on allegations that
he shot the complaining witness when in actuality the plaintiff was a victim of a crime
and had been assaulted by the complaining witness and others, one of which was the
culprit who shot the complaining witness in the leg, and was in fact assaulted/robbed by
the complaining witness and his friends. On information and belief the plaintiff was
indicted in absentia and then prosecuted for a crime that he did not commit. He was
initially convicted at a jury trial because one of the jurors, WARDELL WILSON Juror
#6, was a friend of the complaining witness/alleged victim tried to influence fellow jurors
to enter a guilty verdict and this was not revealed to the court, jury or the plaintiff, who
was the defendant on trial or his defense counsel.  After that trial it came to the attention
of plaintiff and his defense counsel that said juror VARDELL WILSON was a friend of
the complaining witness and only after a successful motion to set aside the verdict and
being forced to endure the tribulations of a second trial that plaintiff did prevail, when a
jury found him "not guilty". From the time that the plaintiff was illegally arrested he was
continuously imprisoned on the false allegations and incarcerated under the control of
CORRECTIONS. He was repeatedly subjected to situations where he was subjected to
"excessive force" and other instances that caused him physical injury and/or emotional
distress, and not released until after his acquittal after the second jury trial.

18.     The Plaintiff MCHARLAND as a result of said intentional and/or negligent acts
of defendants was illegally detained, imprisoned, and subjected to intolerable conditions
and unacceptable behavior of those who held him in custody, have here by the DEPT. OF

CORRECTIONS OF THE CITY OF NEW YORK; other intentional and/or negligent acts of defendants and/or on the part of the defendants included but were not limited to intolerable conditions and having been subjected to "excessive force" and other conditions which deprived him of his constitutional rights and being forcibly held and falsely imprisoned for a total of approximately 38 months, 15 months which were after it came to light that there was perjured testimony and jury tampering/failure to disclose a relationship with a juror. Plaintiff was the subject of malicious prosecution including the continuous adjournments at the behest of the prosecution DISTRICT ATTORNEY and the POLICE, who demanded that he remain incarcerated, which increased legal fees for his defense and resulted in his continued incarceration for an additional 15 months or more.

19.     The Plaintiff suffered from the said acts of defendants and/or failure to act including physical injuries and extreme mental and emotional distress. The plaintiff was publicly humiliated, physically assaulted and/or abused by CORRECTIONS officers and staff; defendant CORRECTIONS officers' actions were unwarranted and uncalled for and amounted to excessive force! This occurred after plaintiff was taken into custody and on more than one occasion excessive force was utilized by CORRECTIONS officers while the plaintiff was incarcerated under the control of CORRECTIONS in the County of Queens, City, and State of New York. The Plaintiff immediately became ill and remained in an infirm state and having been assaulted and otherwise was physically abused while incarcerated and was not afforded adequate medical attention and/or treatment. Plaintiff was deprived of his liberty, and/or lost companionship of family and friends. Plaintiff was forced to incur legal and medical expenses and the like.

20.     On information and belief the City of New York has negligently failed to properly administer it's agencies and/or departments (NYPD and CORRECTIONS) and the like in regard to the supervision and control over police officers and in effect has condoned the policy of perjury  and who continue to accuse citizens after they have knowledge that their complaining witness has given perjured testimony and been involved in jury tampering thereby directly affecting those accused, detained, arrested, and/or incarcerated and in particular the Plaintiff MCHARLAND, and/or CORRECTIONS officers who harassed and/or assaulted and utilized excessive force upon plaintiff while he was incarcerated.   The said negligence of the CITY (NYPD and CORRECTIONS) together with the actions and policy of HON. RICHARD BROWN and DISTRICT ATTORNEYS OFFICE QUEENS COUNTY, has negligently contributed to and/or is responsible for assaults on plaintiff when incarcerated, his continued imprisonment and other torts that occurred and the continued malicious prosecution and mistreatment of the plaintiff.

**21.**     On information and belief defendants, CITY, NYPD, CORRECTIONS and/or HON. RICHARD BROWN, DA'S OFFICE QUEENS COUNTY, negligently failed to train, supervise, or provide assistant district attorneys, personnel and/or superiors to supervise and/or control the administration of justice. The CITY had a duty to monitor said training and supervision.  That as a result of the said negligence the plaintiff suffered.

22.     The Plaintiff MCHARLAND COTIERE was incarcerated and falsely imprisoned, subjected to excessive force after the perjured testimony became public knowledge by being written up in the New York Post. The tainted juror allegations that were argued in the motion for a re-trial to the trial court, Justice Holder, that resulted in the court's order

for same arose out of an article in the New York Post authored by a Christine Carrega which appeared on 3/13 and 3/14/14. The article pointed out that one WARDELL WILSON Juror no. 6 was a friend of the complaining witness one Joshua Arrington. The said juror WARDELL WILSON also knew the plaintiff (defendant in the criminal trial), since they went to Junior High School together and none of this was disclosed to the trial court and his testimony at trial to the contrary was perjury.

23.     That the Plaintiff MCHARLAND was held as a prisoner against his will in detention, negligently mistreated and administered cells, jails, and prisons by CORRECTIONS for approximately 15 months after the perjury came to light and was effectively prevented from enjoying his freedom and the companionship of friends and family. The plaintiff while imprisoned was injured and required medical attention from the injuries that he sustained because of the assault/ excessive force he received from the corrections officers and/or the mistreatment he endured when in prison. Plaintiff was physically injured and was traumatized emotionally and emotionally injured; in part due to the said utilization of excessive force upon his person and the unconscionable additional 15 months of imprisonment after the perjury came to light that the said defendants' policy dictated.

24.     On information and belief the actions of the defendants NYPD, CORRECTIONS, HON. RICHARD BROWN and the DISTRICT ATTORNEY QUEENS COUNTY were intentionally done to harass and annoy and interfere with the plaintiff MCHARLAND and to convince him to plead guilty to a lesser charge(s) and to cover up the illegal police conduct and malicious prosecution. The policies of the said OFFICE violated plaintiff's constitutional rights including but not limited to the policy of retrying cases against

suspects even though the District Attorney's office had irrefutable evidence that the witness and/or witnesses they were relying on have little or no credibility and/or have violated court orders; Here the direction of the judge to reveal any knowledge that the witness might have in regard to jurors. In addition thereto the policy of the DISTRICT ATTORNEY'S OFFICE OF QUEENS COUNTY, in behalf of the NYPD/CITY to continue to request high bail and the continued incarceration of the defendant and even remand even after the trial Court has ruled that the credibility of their complaining witness was an issue which resulted in the continued incarceration of the plaintiff for an interminable period of time until he was acquitted or 15 months and the policy of the defendant's attorneys by asking for numerous adjournments even though the case had already been tried resulting in the continuous incarceration of the plaintiff. Said actions were unconscionable and violated the plaintiff's constitutional rights to due process, right to counsel and fair trial under the United States, 1st, 4th, 6th, 8th and 14th Amendments and New York State Constitutions. The egregious assault(s)/excessive force on the plaintiff while incarcerated without provocation coupled with his interminable, unnecessary, illegal detention/ false imprisonment and malicious prosecution violated his constitutional rights under the New York State and Federal Constitutions including but not limited to his right to due process of the law under the 14th Amendment of the United States Constitution.

25.     The said defendants are liable for the intentional torts denoted in this complaint; their negligence for continued false imprisonment, assault (excessive force), intentional infliction of mental distress and for prima facie tort; malicious prosecution in part, in that there was the deliberate withholding of evidence and/or deliberate failure to investigate,

the falsification of criminal charges and for malicious prosecution based on same; on information and belief the destruction of, misuse of, and/or failure to utilize and reveal evidence that could have exonerated plaintiff and/or that the said defendants are liable for their negligence and/or were negligent for their said actions and/or failure to act and/or are liable for assault, fraud, (e.g. in the continued criminal prosecution), excessive force, false imprisonment, malicious prosecution and other claims denoted in the initial notices of claim that are incorporated in the instant complaint.

26.     That said continued false imprisonment and continued malicious prosecution of the Plaintiff was void on its face and/or became obvious when on information and belief evidence was obtained by defendants (e.g. Police/ District Attorney Queens County), exonerating the plaintiff and demonstrating their complaining witness/alleged victim had perjured himself before the Court and Jury and was involved in jury tampering.

27.     That on information and belief the defendants CITY, NYPD and/or the DA and DISTRICT ATTORNEY'S OFFICE QUEENS COUNTY, fraudulently and/or knowingly withheld from the Plaintiff and/or his attorneys and the court any and all information in their possession that would have exonerated the plaintiff and/or aided in his defense and would have resulted in the prompt dismissal of the criminal charges and reinstatement of his rights and his release; that the said knowing and fraudulent actions by the said defendants in the continued false, illegal and malicious prosecutions of the Plaintiff and the loss of his freedom and resulted in the physical, mental, and emotional distress that the plaintiff endured the acts of the defendants and/or other acts noted herein establishing their liability for fraud.

28.     That the foregoing acts of the defendants negatively affected the reputation of the

Plaintiff and caused him emotional disturbance and distress.

29.     That plaintiff MCHARLAND suffered injury by Corrections officers when

detained. Corrections officers utilized "excessive force"; he was falsely

imprisoned/incarcerated for over 15 months after it was revealed the complaining witness

perjured himself and during the time of incarceration suffered repeated instances when

CORRECTIONS officers utilized excessive force and had to endure mental and

emotional stress and strain and his health deteriorated.

30.     That plaintiff was held in custody in a jail(s) maintained by the defendant(s)

CITY, NYPD and then by the DEPT. OF CORRECTIONS.

31.     That as a result of the foregoing acts of the defendants the Plaintiff

MCHARLAND and/or his family were compelled to retain counsel and/or expend

monies for the defense/ representation/ and/or attempts to secure the release of Plaintiff,

and will continue to be obligated for legal expenses in the future. Plaintiff retained Joseph

Kasper, Esq. to represent MCHARLAND in his criminal defense.

32.     That an initial notice of claim and/or notice of intention to sue was duly served

upon the defendants within 90 days after the said cause of action of the plaintiff

"accrued". The Notice of Claim reads as follows:

> "PLEASE TAKE NOTICE that the undersigned claimant(s) hereby
> make(s) claim and demand against THE CITY OF NEW YORK, NEW
> YORK CITY POLICE DEPARTMENT & THE NEW YORK CITY
> DEPARTMENT OF CORRECTIONS as follows:
> 1.      The name and address of each claimant and claimant's attorney is:
>
> STUART R. SHAW, ESQ.              MCHARLAND COTIERE
> 30 West 95th Street, 1st Fl       104-13 191st Street,
> New York, N. Y. 10025            Saint Albans, NY 11412
> (212) 661-6750
>
> 2.      THE NATURE OF THE CLAIM AND THE TRUE FACTS AND

CIRCUMSTANCES:

The claimant MCHARLAND COTIERE, hereinafter referred to as COTIERE or CLAIMANT, was initially arrested on a warrant after having been falsely accused of attempted murder in the second degree and other crimes on Indict. No. 1886/2012 in Queens Supreme Court. In point of fact the warrant was executed in the State of Georgia and the claimant was extradited to New York State to stand trial on the above noted allegations. The claimant was incarcerated from on or about April 3, 2012 until he was acquitted after a jury trial in Queens County Supreme Court of all of the criminal charges against him in May 2015 or over 3 years. The claimant spent more than 34 months incarcerated in Rikers Island or elsewhere and his suffering and the negligence of the Dept. of Corrections in placing him in solitary confinement is the subject matter of a separate notice of claim and complaint now pending in Federal Court, Southern District of the State of New York, Judge Valerie E. Caproni, Docket no. 14-cv-06862 (VEC) (SN). The instant claim is filed based off the fact that the defendant was acquitted after trial and was in effect maliciously prosecuted during the entire time period culminating on the acquittal on June 4, 2015. On information and belief the NYPD and District Attorney's Office of Queens County maliciously prosecuted the claimant and came to have information or should have come to have information apprising them of their continued malicious prosecution of the claimant. This amounting to malicious prosecution and was negligent and improper. The said acts of the respondents/defendants constitute malicious prosecution and negligence.

3.      That the claimant COTIERE was negligently charged by the respondents-defendants NYPD and its Police Officers and negligently and maliciously prosecuted based on those charges by the District Attorney of Queens County.

4.      The time when, the place where and the manner in which the claim arose: see above- April 3, 2012 through the date of acquittal June 4, 2015.

5.      The items of damage or injuries claimed are (include dollar amounts) see above numbers 1-5:

                    1.      Negligence

                    2.      Malicious prosecution

                    3.      Punitive Damages

                    4.      Compensatory Damages

                    5.      Attorney's Fees

During the time that the claimant was incarcerated at Rikers Island the New York City Dept. of Corrections negligently subjected him to excessive force and unconscionable procedures which is the subject of a separate cause of action and notice of claim as noted heretofore herein.

6.      The Claimant suffered mental and emotional distress, the claimant COTIERE was physically, assaulted and/or abused by the Dept. of Correction officers during the time of his incarceration. The Claimant

COTIERE became ill while incarcerated and was not afforded adequate medical attention and/or treatment. Claimant COTIERE was deprived of his liberty, deprived and/or lost companionship of family and friends. Claimant COTIERE now has a record of arrest and his having been maliciously prosecuted and this has interfered with his vocation. The claimant was forced to incur legal and medical expenses and the like, etc., etc.  Claimant suffered physical and mental and emotional distress, etc.

7.      AMOUNT CLAIMED: $1,000,000.00 against each defendant individually in negligence, Malicious prosecution, in favor of claimant against each individual defendant and for Punitive Damages $1,000,000.00 and Compensatory damages $1,000,000.00 and Attorney's Fees against each Defendant.

TOTAL AMOUNT CLAIMED: $8,000,000.00"

That notice of claim was filed on 6/18/15, and immediately after the acquittal by the jury on the second trial and was timely amended on 7/31/15,

"PLEASE TAKE NOTICE that the undersigned claimant(s) hereby make(s) claim and demand against THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT & THE NEW YORK CITY DEPARTMENT OF CORRECTIONS as follows:

1.      The name and address of each claimant and claimant's attorney is:

STUART R. SHAW, ESQ.                MCHARLAND COTIERE
30 West 95th Street, 1st Fl          104-13 191st Street,
New York, N. Y. 10025                Saint Albans, NY 11412
(212) 661-6750

2.      THE NATURE OF THE CLAIM AND THE TRUE FACTS AND CIRCUMSTANCES:

The claimant MCHARLAND COTIERE, hereinafter referred to as COTIERE or CLAIMANT, was initially arrested on a warrant after having been falsely accused of attempted murder in the second degree and other crimes on Indict. No. 1886/2012 in Queens Supreme Court. In point of fact the warrant was executed in the State of Georgia and the claimant was extradited to New York State to stand trial on the above noted allegations. The claimant was incarcerated from on or about April 3, 2012 until he was acquitted after a jury trial in Queens County Supreme Court of all of the criminal charges against him in May 2015 or over 3 years. The claimant spent more than 34 months incarcerated in Rikers Island or elsewhere and his suffering and the negligence of the Dept. of Corrections in placing him in solitary confinement is the subject matter of a separate notice of claim and complaint now pending in Federal Court, Southern District of the State of New York, Judge Valerie E. Caproni, Docket no. 14-cv-06862 (VEC) (SN). The instant claim is filed based on the fact that the defendant was acquitted after trial and was in effect maliciously prosecuted during

the entire time period culminating in the acquittal on June 4, 2015. On information and belief the NYPD and District Attorney's Office of Queens County maliciously prosecuted the claimant and came to have information or should have come to have information apprising them of their continued malicious prosecution of the claimant. This amounted to malicious prosecution and was negligent and improper. The said acts of the respondents/defendants constitute malicious prosecution and negligence. Specifically, the District Attorney's office of Queens County and the NYPD continue to prosecute the claimant after it was ascertained that on a first jury trial of the defendant one of the jurors was a good friend of the complaining witness, was on information and belief influenced by the complaining witness in reaching a verdict and/or influenced other jurors and on appeal the initial jury trial conviction was overturned. The District Attorney's office and the NYPD negligently maliciously prosecuted the claimant again even though the credibility of the complaining witness had to be an issue since the complaining witness never revealed his "connection" to the juror on the first trial that ended up in Appellate victory of the claimant. The actions and inaction of the NYPD and DISTRICT ATTORNEY'S office in continuing to maliciously prosecute the complaining witness and force him to have to endure a second jury trial, the expense of having to engaged defense counsel in the first and second trials and the fact that he continued to be incarcerated on the insistence of the District Attorney and the NYPD causing him to remain in jail for additional months after the District Attorney and police knew their complaining witness was not credible resulted in additional false imprisonment time and mental and emotional anguish and distress.

3.      That the claimant COTIERE was negligently charged by the respondents-defendants NYPD and its Police Officers and negligently and maliciously prosecuted based on those charges by the District Attorney of Queens County.

4.      The time when, the place where and the manner in which the claim arose: see above- April 3, 2012 through the date of acquittal June 4, 2015.

5.      The items of damage or injuries claimed are (include dollar amounts) see above numbers 1-5:

<div style="margin-left:2em">

1.      Negligence
2.      False Arrest
3.      False Imprisonment
4.      Malicious prosecution
5.      Punitive Damages
6.      Compensatory Damages
7.      Attorney's Fees
   A. Defense of Criminal Prosecutions
   B. Prosecution of Civil Claims

</div>

During the time that the claimant was incarcerated at Rikers Island the New York City Dept. of Corrections negligently subjected him to

excessive force and unconscionable procedures which is the subject of a separate cause of action and notice of claim as noted heretofore herein.

6.     The Claimant suffered mental and emotional distress, the claimant COTIERE was physically, assaulted and/or abused by the Dept. of Correction officers during the time of his incarceration. The Claimant COTIERE became ill while incarcerated and was not afforded adequate medical attention and/or treatment. Claimant COTIERE was deprived of his liberty, deprived and/or lost companionship of family and friends. Claimant COTIERE now has a record of arrest and his having been maliciously prosecuted and this has interfered with his vocation, ability to obtain employment and interfered with his college education. The claimant was forced to incur legal and medical expenses and the like, etc., etc.  Claimant suffered physical and mental and emotional distress, etc.

7.     AMOUNT CLAIMED: $1,000,000.00 against each defendant individually on each cause of action in negligence, malicious prosecution, false arrest, false imprisonment in favor of claimant against each individual defendant and for Punitive Damages $1,000,000.00 and Compensatory damages $1,000,000.00 and Attorney's Fees against each Defendant individually together with interests and court costs on each cause of action.

TOTAL AMOUNT CLAIMED: $12,000,000.00 together with interests and court costs and any attorneys fees."

33.     That more than thirty days have elapsed since the service of the said notice of claim and/or notice of intention to sue upon defendant.

34.     That the defendants and its comptroller and/or counsel have failed, neglected and refused to pay, settle, compromise or adjust the claim of the plaintiff herein.

*35.*     That this action has been commenced within one year and ninety days after the cause of action of plaintiff accrued; notice of claim was served personally and/or by certified mail on all of the defendants, the plaintiff will purchase the summons on or about 3/29/16 and will serve all of the defendants.

36.     That the plaintiff filed a cause of action in the separate complaint or for false imprisonment and which created an intolerable situation since he was placed in solitary confinement without cause in the Southern District of New York on or about 8/22/14

under Docket no. 14-CV-06862 which was assigned to Honorable District Court Judge Valerie E. Caproni and Hon. Magistrate Netburn that was duly settled but only related to two weeks of imprisonment of solitary confinement in approximately March of 2015. Said notice of claim and law suit effectively put the defendants on notice of aspects of the instant case.

37.     That at all times relevant to this complaint, or from on or about 4/3/12 and thereafter, said defendants maintained and controlled in furtherance of its/ their business by the said defendants, CITY and NYPD and/or the DEPT. OF CORRECTIONS in Queens County, City and State of New York and was/were responsible for operating/ controlling: precincts, precinct districts, high precincts, prosecution of criminal court cases, jails, courts, police, police precincts, and/or their personal employees, and the like. That the HON. RICHARD BROWN and DISTRICT ATTORNEY'S OFFICE QUEENS COUNTY, as were the named defendants was/were responsible for the lawful and non-negligent prosecution of the Criminal court cases and indictments and Grand Jury proceedings in Queens County and said duty to coordinate said prosecutions with the e.g. CITY, NYPD and other law enforcement agencies.

38.     As a result of his treatment at the hands of the defendants (in particular the NYPD and CORRECTIONS and their police officers and corrections officers)  and/or the negligent actions/policies of the DISTRICT ATTORNEY'S OFFICE OF QUEENS COUNTY and HON. RICHARD BROWN condoned, supported and adopted by the CITY, plaintiff MCHARLAND COTIERE suffered physical and mental injury, pain, humiliation and emotional distress, in addition to loss of liberty, and the like. Plaintiff's causes of action for false imprisonment and illegal detention include the dates from on or

about March 15, 2014 when the perjured testimony of complaining witness and/or his jury tampering came to light until when he was acquitted of all charges or until on or after June 4, 2015.

39.     Upon information and belief, the abuse to which the plaintiff was subjected was consistent with institutionalized practices of the CITY OF NEW YORK, the NYPD, the NYC DEPT. OF CORRECTIONS, the D.A. and his offices, which was/were known to and ratified by defendant CITY OF NEW YORK, said defendants having at no time taken any effective action to prevent NYPD/ CORRECTIONS and/or NYPD/ CORRECTIONS and/or the DA and his offices, personnel from continuing to engage in such misconduct and/or to change or modify the prejudicial policies of the District Attorney and NYPD in continuing to maliciously prosecute  cases where they have knowledge that the star witness perjured himself and/or to delay criminal cases so defendants remain incarcerated under intolerable conditions and/or to demand high bail or remand.

40.     Upon information and belief, the malicious prosecution to which the plaintiff was subjected was consistent with institutionalized practices of the DISTRICT ATTORNEYS OFFICE OF QUEENS COUNTY AND THE HON. RICHARD BROWN, which was known to and ratified by defendant CITY OF NEW YORK, said defendants having at no time taken any effective action to prevent NYPD, CORRECTIONS and/or the D.A., DISTRICT ATTORNEYS OFFICE QUEENS COUNTY and HON. RICHARD BROWN and/or NYPD or CORRECTIONS personnel from continuing to engage in such misconduct e.g. the re-trial of criminal cases when the prosecution's star witness' credibility has been destroyed e.g. in the instant case when the trial judge set aside the

conviction or in effect from the time that the complaining witness perjured himself and/or unduly influenced a juror; and/or the policy to demand the continued incarceration and denial of bail and/or high bail under said circumstances especially where there has been a judicial finding of "impropriety"/ violation of law on the part of the complaining witness knowing that the continued incarceration of the plaintiff for an extended period of time subjected him to continued imprisonment and/or intolerable conditions.

41.     Upon information and belief, defendants CITY OF NEW YORK, DISTRICT ATTORNEYS OFFICE QUEENS COUNTY and/or NYPD and/or CORRECTIONS had prior notice of the propensities of defendant NYPD and/or CORRECTIONS personnel and/or police or CORRECTIONS officers and/or lack of training, but took no steps to train them, correct their abuse of authority or to discourage their unlawful use of authority. The failure to properly train said defendants' officers and staff included lack of instruction as to the proper procedure to protect citizens who are arrested and/or incarcerated during law enforcement and criminal prosecutions and/or how to monitor their "star witness" and not encourage perjured testimony.

42.     Upon information and belief, defendants CITY OF NEW YORK and/or NYPD and CORRECTIONS authorized, tolerated as institutionalized practices, and ratified the misconduct herein before detailed by: (a) failing to properly discipline, restrict and control NYPD and/or CORRECTIONS employees, supervisors, and supervisory staff of police officers (b) failing to take adequate precautions in the hiring, promotion and retention of NYPD/CORRECTIONS and/or police/CORRECTIONS personnel, including specifically defendant NYPD/CORRECTIONS supervisors and/or police officers who continued to utilize "excessive force" and/or harass plaintiff; (c) failing to forward to the

office of the DISTRICT ATTORNEY OF QUEENS OR BRONX COUNTIES' evidence

of illegal acts committed by defendant police or Corrections officers and/or NYPD

detectives and withholding and/or destroying evidence and/or failure to adequately

investigate claims by criminal defendants and their counsel, here specifically the plaintiff;

and (d) failing to establish and/or assure the functioning of a meaningful departmental

system for dealing with complaints about NYPD/CORRECTIONS supervisors or

employees and/or police/ CORRECTIONS officers' misconduct, and/or negligent failure

to act to secure the safety of a citizen and to prevent further violence to that citizen but

instead responding to such valid complaints of the plaintiff supported by others and

official denials calculated to mislead the public and actions taken to denigrate and punish

the innocent citizen who fastidiously took every step humanly possible to try to gain his

freedom and established his innocence. This conduct also constitutes negligence and/or

gross negligence under state law.

43.     HON. RICHARD BROWN and/or DISTRICT ATTORNEY'S OFFICE

QUEENS COUNTY negligently failed to properly supervise and monitor and negligently

conducted the prosecution of defendant (here the plaintiff)  that his said offices by

withholding information and/or evidence from plaintiff and his counsel and/or its failure

to adequately investigate claims by criminal defendants and their counsel, here

specifically the plaintiff; and (d) failing to establish and/or assure the functioning of a

meaningful departmental system for dealing with complaints against the DISTRICT

ATTORNEY'S OFFICES, NYPD and/or CORRECTIONS, coupled with refusal to

change office policy or re-trial of defendants when their principal witness perjured

himself and/or to change the policy of demanding high bail or remand in such instances.

44.     As set forth in the notice of claim, MCHARLAND COTIERE's injuries physical and/or emotional resulted from the negligence and/or other tortious acts and carelessness of the agents, employees, servants and/or police officers of the NYPD, defendant CITY, CORRECTIONS and/or HON. RICHARD BROWN, DISTRICT ATTORNEY'S OFFICE QUEENS COUNTY. Plaintiff was egregiously treated.

45.     From that time plaintiff was maliciously prosecuted and imprisoned until the jury verdict found him not guilty in June 2015; Plaintiff should have been released when the District Attorney's office corroborated the facts that their complaining witness knew one of the jurors whose initial verdict convicted the plaintiff and failed to come forward with that information, and gave perjured testimony about his knowledge of plaintiff having gone to school with him and/or other perjured testimony.

46.     The incident which gave rise to plaintiff's claim initially occurred on 4/3/12 and continued until his release in June of 2015; after his acquittal on 6/4/15 by a jury verdict.

                    COMPENSATORY AND/OR PUNITIVE DAMAGES

47.     Plaintiff is entitled to compensatory and/or punitive damages not only because of his malicious prosecution but because of the egregious and negligent acts of the defendants in the instant case more particularly it is respectfully alleged that when the prosecution, the District Attorney's office and/or the Hon. Richard Brown and/or the NYPD became aware of the fact that the complaining witness deliberately failed to disclose the fact that a member of the jury trying the plaintiff on his first jury trial was a good friend of the complaining witness despite the admonition of the court to disclose or acknowledge any relationship or friendship with a juror and the complaining witness had; because the complaining witness lied under oath about whether or not he knew plaintiff

before the alleged assault. Knowing this deliberate "cover-up" and perjured testimony and failure to disclose this all important information defendant negligently and maliciously continued to prosecute the plaintiff even though the plaintiff from the onset denied assaulting the complaining witness but instead protested that he was a victim of a crime and had been accosted by the complaining witness and two of the complaining witness' friends and was actually a victim of a mugging; the prosecutors continued to demand bail or remand and demanded that the plaintiff remain imprisoned for the entire time period after this information came to light until his acquittal on 6/4/15 even though the trial Court set aside his initial conviction and in effect made a finding that their complaining witness' credibility was an issue. Said actions demonstrate un-excusable and negligent actions by the defendants and requires that compensatory and/or punitive damages be awarded to the plaintiff. Not only to reward the plaintiff but to protect societal interests in order to prevent such malicious, unconscionable and negligent activity from re-occurring in the future.

<u>FEDERAL CAUSES OF ACTION</u>

48.     Each and every allegation set forth in Paragraphs "1" through "47" is incorporated herein by reference.

49.     The above described actions and omissions, engaged in under color of state authority by CORRECTIONS renders the CITY liable and responsible because of its authorization, condonation and ratification thereof for the acts of its agents, which effactually deprived plaintiff of rights secured to him by the Constitution of the United States, including, but not limited to, his Fourth Amendment right to be free from false arrest and imprisonment and the right to be free from unjustified and excessive force

utilized by police/ here corrections officers, and his Eighth Amendment right to be free

from cruel and unusual punishment and fourteenth amendment right to due process and

equal protection under the laws, and his 6th Amendment right to a fair trial.

<center>ATTORNEYS' FEES AND JURY TRIAL</center>

50.    Plaintiff is entitled to an award of attorneys' fees, pursuant to 42 U.S.C. 1988 (b);

42 U.S.C. 1983. Plaintiff requests a trial by jury.

**WHEREFORE**, plaintiff demands the following relief, against all of the

defendants: One million ($1,000,000.00) dollars against each defendant in negligence for

false arrest, false imprisonment, assault, (excessive force), fraud, intentional infliction of

mental distress, Prima facie tort, Abuse of Process, Filing a false complaint, malicious

prosecution , in favor of plaintiff against each individual defendant; Punitive Damages

$1,000,000.00 against each Defendant, Compensatory Damages $1,000,000.00 against

each Defendant.

1. Negligence
2. Assault and Battery (excessive use of force)
3. False Imprisonment
4. Intentional infliction of mental distress
5. Prima facie tort
6. Fraud
7. Abuse of Process
8. Filing a false complaint and/or attempt and/or conspiring to file a false complaint
9. Malicious Prosecution
11. Compensatory Damages
12. Punitive Damages

TOTAL AMOUNT CLAIMED: $11,000,000.00

A.    Tort Claims, one million ($1,000,000.00) dollars each against each defendant or million ($1,000,000.00) dollars.
B.    Compensatory damages in the amount of One Million ($1,000,000.00) Dollars against each defendant;

C.      Punitive damages in the amount of One Million Dollars against each defendant;

D.      Attorneys' fees pursuant to 42 U.S.C. 1988(b); 42 U.S.C. 1983; and

E.      For such other and further relief as to the Court deems just and proper.

DATED:      New York, New York
            October 6, 2016

                                        Law Office of Stuart R. Shaw,

                                        By:

                                        Attorney for Plaintiff
                                        30 West 95th Street, 1st Fl
                                        New York, NY 10025
                                        (212) 661-6750
                                        (212) 661-6594 FX

To:     Corporation Counsel of the City of New York,
Attorney for Defendants
100 Church Street, 4th Floor,
New York, N. Y. 10007

Comptroller of the City of New York
C/O Corporation Counsel of the City of New York
100 Church Street, 4th Floor
New York, N. Y. 10007

New York City Police Department
One Police Plaza
New York, N. Y. 10038-1497
and
c/o Corporation Counsel of the City of New York
100 Church Street, 4th Floor
New York, NY 10007

NEW YORK CITY DEPARTMENT OF CORRECTION
75-20 Astoria Blvd.
East Elmhurst, NY 11370
and
c/o Corporation Counsel of the City of New York
100 Church Street, 4th Floor
New York, NY 10007